UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDDIE HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV958 TIA |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Freddie Hill for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Procedural History**

Petitioner, Freddie Hill, is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center located in Bonne Terre, Missouri. On December 13, 2001, a jury found Petitioner guilty of 3 counts of First Degree Robbery and 3 counts of Armed Criminal Action. (Resp. Exh. B, pp. 69-74, 82) On March 1, 2002, the Circuit Court of St. Louis County, Missouri, sentenced Petitioner as a persistent offender to six concurrent thirty-year sentences with the Missouri Department of Corrections. (Resp. Exh. B, pp. 82-83)

Petitioner filed a direct appeal, and on May 20, 2003, the Missouri Court of Appeals affirmed the judgment and convictions. (Resp. Exh. E) Petitioner filed an Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15 on September 16, 2003. (Resp. Exh. F, pp. 41-71) The motion court issued its Findings of Fact and Conclusions of Law on November 25, 2003, denying Petitioner's motion for post-conviction relief.

(Tr. 74-81) On August 31, 2004, the Missouri Court of Appeals affirmed the motion court's opinion, finding that the lower court's findings of fact and conclusions of law were not clearly erroneous. (Resp. Exh. I). Petitioner then filed the instant Petition for a Writ of Habeas Corpus in federal court on June 15, 2005.

In his Petition, Petitioner raises six grounds for habeas relief:

(1) The trial court erred in denying Petitioner's motion to suppress identification and exclude in-court identification;

(2) The trial court erred in permitting the state to argue in its closing argument that there were only 4 line-ups;

(3) Trial counsel was ineffective for failing to locate, interview, or call alibi witnesses;

(4) Trial counsel was ineffective for failing to introduce evidence of a subsequent robbery in a nearby location;

(5) Trial counsel was ineffective for failing to obtain or introduce evidence of Ms. Lenoir's November 26, 2000 telephone records; and

(6) Trial counsel was ineffective for failing to object to the prosecutor's opening statement that Petitioner "held a gun to eleven-year-old Daniel Goad's head."

## **Ground 1**

In his first ground for habeas relief, Petitioner alleges that the trial court erred in denying Petitioner's motion to suppress identification and exclude in-court identification. Specifically, Petitioner maintains that the photo identification lineup was suggestive because it depicted Petitioner's photo as larger, darker, and more distinctive than the others in the array. Further, Petitioner contends that the victims could see the other victim's signatures on the back of the photo. The Respondent asserts that this claim has no merit.

The undersigned agrees with the Respondent. Under the Anti-Terrorism and Effective Death

Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

In this case, the determination of the state court was not contrary to, nor did it involve an unreasonable application of, Missouri law. The Missouri Court of Appeals affirmed Petitioner's

3

judgment and convictions and found that no jurisprudential purpose would be served by a written opinion. (Resp. Exh. E). In the trial court, Petitioner filed a motion to suppress identification. (Resp. Exh. B, pp. 36, 49-50) The court held a motion hearing on September 20, 2001, after which the court denied Petitioner's motion to suppress identification. (Resp. Exh. A, Tr. 18, 26-107)

The record demonstrates that three witnesses identified Petitioner as the man who robbed the GNC after picking him out of a photographic lineup and identifying Petitioner in court. (Resp. Exh. A, Tr. 312-316, 395-398, 416-419) Another witness also identified Petitioner from a photographic lineup. (Resp. Exh. A, Tr. 352-354) However, Petitioner avers that his photograph was larger, darker, and more distinctive than the other photos. (Pet., p. 6) Thus, he claims that the trial court erred in denying his motion to suppress identification and exclude in-court identification. (Pet., p. 6)

"Missouri courts have repeatedly held that mere differences in size, color, background, or type of photographs do not render a photographic display impermissively suggestive." State v. Anthony, 857 S.W.2d 861, 867 (Mo. Ct. App. 1993) (citations omitted). A pre-trial identification procedure is not unduly suggestive if the identification results "from the witness's recollection of first-hand observations" and not from "the procedures or actions employed by the police." State v. Chambers, 234 S.W.3d 501, 513 (Mo. Ct. App. 2007) (citation omitted). "[T]he key issue in determining whether unduly suggestive pre-trial procedures tainted the identifications is whether the witnesses had adequate bases for the identifications independent of the allegedly suggestive procedures." Id. at 514.

Here, the record demonstrates that each of the witnesses identified Petitioner after observing him first-hand robbing the GNC and individuals. Kristen Goad, the GNC manager, testified that the robber was not wearing a mask and that she obtained a close-up look at his face. (Resp. Exh. A, Tr.

4

306-312) Further, three days after the robbery, a police officer showed Ms. Goad a photographic line-up. (Resp. Exh. A, Tr. 312) Ms. Goad immediately identified number two, the Petitioner, as the man who robbed her. (Resp. Exh. A, Tr. 313) Similarly, Nancy Hargis saw the culprit's face when he walked through the back door into the store. (Resp. Exh. A, Tr. 346-347) Ms. Hargis identified the Petitioner from a photographic line-up three days after the robbery, without the help of the police officer. (Resp. Ehx. A, Tr. 352-353)

Mark Kaskus and Christopher Wilkinson also identified the Petitioner from a photographic line-up. Mr. Kaskus testified that he saw the thief face to face when the thief pointed a gun at him and robbed him. (Resp. Exh. A, Tr. 392-393) Three days later, Mr. Kaskus went to the police station and identified the Petitioner from a photographic line-up. (Resp. Exh. A, Tr. 394-395) Mr. Kaskus was absolutely positive that the Petitioner was the man who robbed him. (Resp. Exh. A, Tr. 396) Likewise, Christopher Wilkinson saw the culprit outside of the GNC and watched him get into a car and leave. (Resp. Exh. A, Tr. 411-412) Mr. Wilkinson identified the Petitioner in a photographic line-up three days later. (Resp. Exh. A, Tr. 415-417) Mr. Wilkinson testified that he identified the Petitioner without equivocation in "about ten seconds." (Resp. Exh. A, Tr. 417) All four witnesses stated under oath that officers instructed the witnesses that the fact that photos were shown to them should not influence their judgment, nor should they conclude or guess that the photos contained the picture of the person who committed the crime. (Resp. Exh. A, Tr. 312-313, 352, 394-395, 416)

As demonstrated above, the witnesses identified the Petitioner based upon their recollection of their observations of Petitioner during the robberies, not as a result of any suggestive procedures or photos. Indeed, Ms. Goad testified that she was not comparing the colors or shapes on the pictures but that she was looking to see which photograph depicted the man in the GNC store.

5

(Resp. Exh. A, Tr. 335) The fact that Petitioner's photo may have appeared darker, larger, or more distinctive does not render the photographic lineup impermissibly suggestive. Anthony, 857 S.W.2d at 867.

Petitioner further contends that the identification was suggestive because the witnesses had to sign their names on the back of the photo and could have seen the other signatures. Petitioner's claim has no merit. The witnesses did not sign the back of the photo until after making their selection and identifying the Petitioner. (Resp. Exh. A, Tr. 315, 353, 396) Thus, they would not have seen or been influenced by the other signatures on the back of the photo. The undersigned therefore finds that the determinations of the trial court and the court of appeals that the photograph was not suggestive was reasonable and entitled to deference. See Schawitsch v. Burt, 491 F.3d 798, 803 (8th Cir. 2007) (finding that the decisions of the state courts regarding a photographic array was not contrary to, nor did in involve, an unreasonable application of federal law and that the determinations of the facts were reasonable). Petitioner's first ground for habeas relief is dismissed.

## Ground Two

Next, Petitioner asserts that the trial court erred in allowing the prosecutor to state during his closing argument that there were only four line-ups. Petitioner maintains that other line-ups existed and that other witnesses were unable to identify the Petitioner. The Respondent contends that this claim has no merit, as the other line-ups were excluded due to hearsay. (Resp. Exh. A, Tr. 745-746) Thus, the Respondent asserts that the Missouri Court of Appeals' affirming the conviction and sentence is reasonable and entitled to deference.

The record demonstrates that the prosecutor stated in his closing argument that there were four identification witness, four lineups, and four positive identifications of Petitioner. (Resp. Exh.

A, Tr. 797) The prosecutor also stated that other lineups did not exist. (Resp. Exh. A, Tr. 808) On appeal, Petitioner argued that this "distasteful tactic" mandated a new trial. (Resp. Exh. C, p. 20) At the trial court level, the state filed a Motion in Limine, arguing that testimony by police officers regarding whether another officer told them that one of the photo lineups was inconclusive was hearsay. The trial judge sustained the motion, and the appellate court affirmed the judgment of convictions. (Resp. Exh. B, p. 52; Resp. Exh. E)

The undersigned finds that the determination by the Missouri Court of Appeals was not contrary to, nor an unreasonable application of, Supreme Court precedent. "A prosecutor's argument violates due process if the prosecutor's remarks 'infected the trial with unfairness.'" Hall v. Luebbers, 341 F.3d 706, 716 (8th Cir. 2003) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)). Indeed, habeas relief is warranted only where "the state's 'closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.'" Id. (quoting Sublett v. Dormire, 217 F.3d 598, 600 (8th Cir. 2000)). In order to determine whether remarks by the prosecution infected the trial with unfairness, this court must "'(1) measure the type of prejudice that arose from the argument; (2) examine what defense counsel did in his argument to minimize prejudice; (3) review jury instructions to see if the jury was properly instructed; and (4) determine if there is a reasonable probability that the outcome . . . would have been different.'" Id. (quoting Antwine v. Delo, 54 F.3d 1357, 1363 (8th Cir. 1995) (citation omitted)).

Here, Petitioner alleges that the trial court erred in allowing the prosecution to argue that there were only 4 lineups. However, Petitioner has failed to show that these comments were prejudicial to Petitioner or that there was a reasonable probability that the outcome would have been different had the prosecutor refrained from the comments regarding the lineup. The undersigned finds

7

that the remarks did not infect the trial with unfairness. The evidence adduced at trial demonstrated that 4 witnesses identified the Petitioner in a photo lineup. As stated by the trial court, the evidence of an inconclusive lineup was inadmissible as hearsay. (Resp. Exh. A, Tr. 745-746) Thus, it was reasonable for the prosecutor to argue that only 4 lineups existed, and the trial court did not err in failing to determine that "the state's 'closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.'" Hall v. Luebbers, 341 F.3d 706, 716 (8th Cir. 2003) (quoting Sublett v. Dormire, 217 F.3d 598, 600 (8th Cir. 2000)). Therefore, Petitioner's second ground for habeas relief is denied.

### Ground Three

Petitioner's third ground alleges that he received ineffective assistance of trial counsel because counsel did not call three alibi witnesses. The Rule 29.15 motion court denied this claim as without merit. Petitioner did not present the claim on appeal. Respondent contends that Petitioner procedurally defaulted on this claim. The undersigned agrees.

Failure to present claims to the Missouri Court of Appeals during a petitioner's direct appeal or in a post-conviction proceeding constitutes procedural default. Evans v. Leubbers, 371 F.3d 438, 445 (8th Cir. 2004). A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488

(1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665,666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

Petitioner acknowledges that he did not exhaust his state remedies on ground three because none of the alibi witnesses attended the Rule 29.15 evidentiary hearing. He explains that because the witnesses were not called, facts were not developed, and the court of appeals could not address the merits. (Pet. p. 9) While this may be an explanation for not raising the ineffective assistance of counsel claim, Petitioner has failed to allege or demonstrate cause and prejudice or a miscarriage of justice. Therefore, he has procedurally defaulted on ground three, and this Court is without jurisdiction to address the merits.

**Ground Four**

Next, Petitioner alleges that trial counsel was ineffective for failing to introduce evidence of a subsequent robbery that occurred in the same location. Specifically, Petitioner maintains that counsel failed to present evidence that another person robbed a check cashing business near the GNC the day after the GNC robbery and that the descriptions of the thief, car, and weapon were similar

9

to the GNC robbery. (Pet. p. 11) The Respondent asserts that the state court's determination that trial counsel was not ineffective is reasonable and entitled to deference. The undersigned agrees.

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Id.

To establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006) (citation omitted). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. Strickland, 466 U.S. at 694; Bucklew, 436 F.3d at 1018. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995)

(citation omitted).

Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced during the trial. Strickland, 466 U.S. at 687. The Rule 29.15 motion court determined that Petitioner did not receive ineffective assistance of counsel. Specifically, the court found:

> Movant alleges . . . that trial counsel was ineffective for failing to present evidence that a person other than Movant robbed a check cashing business in Florissant one day after the GNC robbery.
>
> However, trial counsel was precluded by the Court from introducing such evidence at trial. the trial court sustained the State's Motion in Limine, and did not allow evidence at trial concerning the check cashing business robbery. The court found that there was no evidence that both robberies were committed by the same person. The check cashing business robbery had no connection to the GNC robbery. The only similarity between the two robberies was that they were committed one day apart in the same vicinity. The trial court made the proper ruling, to exclude evidence of the check-cashing business robbery; and trial counsel was not ineffective for abiding by the Court's ruling.
>
> It is noted that Movant testified at trial concerning check-cashing store robbery, in violation of the court's ruling. Movant blurted out everything he wanted to say about that irrelevant robbery, in the presence of the jury. Movant was not prejudiced by trial counsel.

(Resp. Exh. F, pp. 77-78) The Missouri Court of Appeals agreed, finding that the jury could have concluded that Petitioner was guilty of the second robbery as well, as he matched the description of the perpetrator. (Resp. Exh. I, p. 4) Therefore, the appellate court affirmed the motion court's denial of Petitioner's ineffective assistance of counsel claim. (Resp. Exh. I, pp. 4, 5)

The state courts' determinations were not contrary to, or an unreasonable application of, the

standard articulated by the Supreme Court in Strickland.[1]  First, counsel's performance was not deficient.  The court granted the state's motion in limine, excluding any mention of the subsequent robbery.  Counsel, using his professional judgment, did not introduce this evidence, in compliance with a court order.  Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006) (citation omitted). Second, Petitioner was not prejudiced by counsel's failure to introduce evidence of the later robbery. Despite the court's exclusion of this evidence, Petitioner violated the ruling and mentioned facts surrounding the other robbery.  (Resp. Exh. A, Tr. 679-681) The court sustained the state's objection as unresponsive but did not instruct the jury to disregard Petitioner's statements.  (Resp. Exh. A, Tr. 681) Thus, the jury learned of the later robbery, and Petitioner is unable to show that the outcome of his trial would have been different if counsel had presented evidence of the subsequent robbery. Strickland, 466 U.S. at 694.  Petitioner's fourth ground for habeas relief is therefore denied.

### Ground Five

Petitioner claims that trial counsel was ineffective for failing to introduce evidence of Ms. Carolyn Lenoir's telephone records for November 26, 2000.  Petitioner contends that these phone records may have refuted Ms. Laurence's testimony that Petitioner called her from Ms. Lenoir's house on November 26, 2000.  The Respondent asserts that federal review of this claim is procedurally barred because the Missouri Court of Appeals affirmed the motion court's denial of relief based on Petitioner's failure to sufficiently plead his ground.

The undersigned disagrees that the state court based its opinion on Petitioner's failure to

---

[1] Although the state court does not specifically mention Strickland, the conclusion that counsel used professional judgment in compliance with the trial court's order demonstrates that the court applied the Strickland standard and found that counsel's performance was not deficient. Brown v. Luebbers, 344 F.3d 770, 782 (8th Cir. 2003).

12

sufficiently plead his ground, thus barring federal review. Instead, both the motion court and the Missouri Court of Appeals addressed the merits of Petitioner's claim and determined that his claim lacked merit, as the introduction of the phone records would not have provided Petitioner with a viable defense. (Resp. Exh. F, p. 79; Exh. I, p. 5) Although the Respondent makes no attempt to explain why the state courts' determinations were reasonable, the undersigned finds that, in fact, those determinations that Petitioner's claims were meritless are reasonable and entitled to deference.

As stated above, the Petitioner claims that the phone records would have refuted Ms. Lenoir's testimony that Petitioner spoke to Ms. Laurence from Ms. Lenoir's phone the day after the robberies. The Missouri Court of Appeals addressed this claim and found:

> The crimes were committed at approximately 3:45 p.m. on November 25, 2000, and Ms. Laurence's car was identified as being driven by the perpetrator of the crimes. At the criminal trial, Carolyn Lenoir testified that on November 26, 2000, the movant came to her house and telephoned Ms. Laurence. Ms. Lenoir further testified that during this call the movant told Ms. Laurence to say that he had brought her car keys to her at work at 2:30 p.m. the previous day. Ms. Laurence testified that the movant had driven her to work in her car on November 25, 2000, that he had returned her car keys at 2:30 p.m. and that she discovered her car was stolen when she went to the parking lot that evening. She also testified that she did not know if the movant called her from Ms. Lenoir's house on November 26, 2000. During his testimony, the movant denied speaking to Ms. Laurence while he was at Ms. Lenoir's house.
>
> The telephone records were not attached to the Rule 29.15 motion. As found by the motion court, the records may not have listed the call because movant could have used a calling card, made a collect call, or the call may not have been long distance. The movant's allegation that the records would have shown that he did not make the call is conclusory and speculative. There is no reason to believe that the introduction of the records would have provided the movant with a viable defense. The movant's second point is denied.

(Resp. Exh. I, pp. 4-5)

The undersigned finds that the decision of the Missouri Court of Appeals is not contrary to, nor an unreasonable application of, federal law. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). As found by the State court, the call from Ms. Lenoir's house would not necessarily have been on the telephone records, thus, such records would not have provided Petitioner with a viable defense. Further, Petitioner's counsel did introduce testimony refuting Ms. Lenoir's statement. (Resp. Exh. A, Tr. 616-618) "The determination as to what theory of defense to pursue is a decision left to counsel as a matter of trial strategy." Clark v. Smith, No. 4:04CV1364 HEA, 2008 WL 371166, at *12 (E.D. Mo. Feb. 8, 2008) (citation omitted). Petitioner's bare assertion that the introduction of the telephone records would have aided in his defense "is insufficient to overcome a strong presumption that counsel's conduct constituted sound trial strategy." Id. (citation omitted).

Further, Petitioner has not shown that he was prejudiced by counsel's failure to introduce the phone records into evidence. As previously stated, counsel did introduce testimony to refute Ms. Lenoir's statement. Petitioner merely speculates that the outcome of the trial would have been different had counsel introduced Ms. Lenoir's phone records. Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006). This is insufficient to demonstrate prejudice. Clark, 2008 WL 371166, at *12. (citations omitted). Thus, the undersigned finds that the state court's determination that counsel was not ineffective did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Petitioner's fifth ground for habeas relief lacks merit and is therefore denied.

**Ground Six**

Petitioner's sixth and final ground for habeas relief claims that trial counsel was ineffective for failing to object to the prosecutor's opening statement that Petitioner "held a gun to eleven-year-

14

old Daniel Goad's head." Petitioner asserts Daniel Goad's mother merely testified that Petitioner pointed a gun at her. (Pet., p. 12(e)) Respondent maintains that the Missouri Court of Appeals found this claim meritless and that the determination is reasonable and entitled to deference. The undersigned agrees.

Petitioner raised this claim in his Rule 29.15 motion and in his post-conviction appeal. The Missouri Court of Appeals addressed Petitioner's claim and found:

> In his third point, the movant argues that his trial counsel rendered ineffective assistance in failing to object to the prosecutor's opening statement that the movant "held a gun to eleven-year old Daniel Goad's head." The movant contends that he was prejudiced by the prosecutor's "inflammatory comment" because the prosecutor portrayed the movant as someone who would hold a gun to the back of a child's head.
>
> Although Daniel Goad's mother, Kristin Goad, did not specifically testify that the movant pointed a gun at her son's head, she did state that the movant held "a gun against" her son. For purposes here, we fail to find a significant distinction between holding "a gun against" a child and pointing a gun at a child's head. Both are reprehensible. There was also evidence that the movant pointed a gun at Kristin Goad and three other people. Furthermore, the jury was instructed that "opening statements of attorneys are not evidence." A jury is presumed to follow the instructions given by the trial court. State v. Davis, 122 S.W.3d 690, 693 (Mo. App. E.D. 2003). If the prosecutor's opening statement included only the allegation that the movant held "a gun against" Daniel Goad, there is not a reasonable probability the result of the proceeding would have been different. The movant's third pont is denied.

(Resp. Exh. I, p. 5)

As previously stated, to establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

15

The record demonstrates that Ms. Goad testified that Petitioner held "a gun against" her eleven-year-old son. (Resp. Exh. A, Tr. 314) The state court correctly noted that there was little difference between pointing a gun at a child's head and holding a gun against a child. Even if trial counsel should have objected to the prosecutor's remark in the opening statement, Petitioner is unable to show a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. Indeed, the state court determined that an opening statement including only that Petitioner held a gun against the child would not have rendered the outcome different. The undersigned finds that, in light of the overwhelming evidence of Petitioner's guilt, the state court's determination that counsel was not ineffective was not contrary to, nor did it involve an unreasonable application of, Strickland.[2] Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999); 28 U.S.C. § 2254(d)(1). Therefore, Petitioner's sixth ground for habeas relief is denied, as it lacks merit.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Freddie Hill for a writ of habeas corpus is **DISMISSED** without further proceedings.

          /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2008.

---

[2] Again, although the state court did not specifically cite to Strickland, the court's opinion shows that the court did apply the Strickland test in making its determination. Brown v. Luebbers, 344 F.3d 770, 782 (8th Cir. 2003).