UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDDIE HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:05CV958 TIA |
| | ) |
| JAMES PURKETT, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Request for Extension of Time, Petition for Reconsideration, and Application for Certificate of Appealability. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On September 24, 2008, the Court dismissed Petitioner's habeas petition because the claims either lacked merit or were procedurally defaulted. (Doc. #12) Petitioner then filed a Motion for Extension of Time to file objections to the Court's Order and a Motion for Reconsideration, asserting that the Court should consider four additional claims raised in a Rule 91 Petition but not included as grounds in his federal habeas petition. Upon review of the Petitioner's motions, the Respondent's response, and the Petitioner's reply, the undersigned finds that consideration of these claims is not warranted.

First, Petitioner did not properly raise these claims in his federal habeas petition. (Petition, pp. 6-12(g)) Although he mentions the pending Rule 91 petition, he did not list these as grounds for federal relief. (Petition, p. 13) The Petition clearly provides under Question 12, "CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set

forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." Petitioner admits that he did not include the unexhausted grounds because the Court would have construed the petition as a mixed petition and either dismissed the petition or the claims. (Petitioner's Reply to Respondent's Response to Court Order, Doc. #18, p. 3) However, the Petitioner had the responsibility of being forthright with the Court, and as stated in the petition, failure to do so could result in a bar from presenting additional grounds.

Further, although Petitioner claims that he previously notified the Court that he planned to amend his Petition after exhaustion, the record is void of any such notification or proper motion to amend or stay. Instead, three years passed between the filing of his federal petition and Petitioner's motion indicating a desire to raise 4 additional claims.

The undersigned notes that Petitioner was not only dilatory in federal court, but in state court as well. The record shows that he filed his Rule 91 Petition on June 14, 2005, one day before filing his federal petition. The state court denied the Petition on August 4, 2005. Petitioner did not file an appeal of his state petition until June 9, 2008, and the Missouri Court of Appeals denied the appeal three days later. Petitioner then filed the writ in the Missouri Supreme Court. That court denied the writ and issued its mandate on September 30, 2008. (Response to Court Order, Doc. #17, Exh. A) During the three-year span, Petitioner never bothered to inform this Court that he was continuing to pursue state court remedies.

More importantly, however, is the fact that Petitioner failed to preserve these claims for federal review. Missouri Supreme Court Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition to inquire into the cause of such restraint. Mo. S. Ct. R. 91.01(b). However, a petitioner may not use Rule 91 to circumvent the time limitations

set forth in state post-conviction rules or to bring a successive motion for post-conviction relief by a petitioner who simply failed to meet those time requirements. Brown v. State, 66 S.W.3d 721, 731 (Mo. 2002) (en banc). The only exceptions to this rule is where a petitioner can assert actual innocence, a jurisdictional defect, or cause and prejudice. Id. Thus, a Missouri defendant who fails to file a direct appeal or a State post-conviction relief motion procedurally defaults claims that his conviction and/or sentence were in violation of the Constitution. See Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc) ("[A] person cannot usually utilize a writ of habeas corpus to raise procedurally-barred claims -- those that could have been raised, but were not raised, on direct appeal or in a post-conviction proceeding); State ex rel. Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993) (en banc) ("This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and for post-conviction review of certain constitutional protections pursuant to Rules 29.15 and 24.035. . . . [H]abeas corpus, however, was [not] designed for duplicative and unending challenges to the finality of a judgment.").

Petitioner has attempted in both state and federal court to avoid the respective rules of procedure. The claims raised in the Rule 91 petition were clearly claims that Petitioner could and should have raised either on direct appeal or in his Rule 29.15 motion and subsequent appeal. The claims do not fall within the "very limited exceptions to this rule . . . where the person seeks to use the writ 'to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results' if habeas relief is not granted." Clay, 37 S.W.3d at 217 (quoting Simmons, 866 S.W.2d at 446). Further, "[w]here a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ of habeas corpus which state petition is filed improperly pursuant to Missouri

3

law." Buff v. Purkett, No. 4:05CV2349MLM, 2007 WL 1610508, at *9 (E.D. Mo. June 1, 2007). Based upon the foregoing, the undersigned will deny Petitioner's Petition for Reconsideration.

In addition, the undersigned will deny Petitioner's Application for Certificate of Appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court has held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In the instant case, petitioner has failed to make a substantial showing of the denial of a constitutional right, and he has failed to demonstrate that a reasonable jurist would find it debatable whether this court was correct in its procedural rule.

The court dismissed the petition because Petitioner procedurally defaulted on ground 3 and because the remaining grounds lacked merit. Upon careful review of the record, including petitioner's application, the Court finds that petitioner has not met his burden to obtain a COA. The Court therefore concludes Petitioner's Application for Certificate of Appealability should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Request for Extension of Time [Doc. #13] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Petitioner's Petition for Reconsideration [Doc. #14] is **DENIED.**

**IT IS FINALLY ORDERED** that, pursuant to 28 U.S.C. § 2253 and <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), no certificate of appealability shall issue from this Court, and Petitioner's Application for Certificate of Appealability [Doc. #15] is **DENIED**.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of May, 2009.